People of Porto Rico, Plaintiff and Appellee, *v.* Ramón Vega, Pablo Vega and Domingo Santini, Defendants and Appellants.

No. 2594. Argued November 4, 1925.—Decided March 3, 1926.

*Carlos Brunet* for the appellants. *José E. Figueras, Fiscal,* for the appellee.

Mr. Justice Aldrey delivered the opinion of the court.

Ramón Vega, Pablo Vega and Domingo Santini were tried and convicted by a jury of the crime of burglary in the first degree, it being charged in the information that during the night of August 29, 1924, in the district of Ponce they wilfully and maliciously entered the warehouse of Antonio Costa Semidey with the intention of committing larceny. The three defendants appealed from the judgment of the district court, but later Pablo Vega withdrew his appeal, for which reason it will be considered only as regards the other appellants.

The defendants moved the lower court to grant them a new trial on the ground that the verdict of the jury was contrary to the law and the evidence, especially as regards Ramón Vega, and because it was the result of certain information of bad reputation given to the jury behind their backs and not during the trial, inasmuch as they were informed and believed that after the discharge of the jury juror Olivieri stated that whatever may have been the evidence he was satisfied, because he knew that the defendants were of bad reputation.

The overruling of the motion for a new trial is the first error assigned on appeal, the other two being that certain evidence was admitted at the trial over the objection of the defendants and that the verdict and judgment were contrary to the evidence and the law.

Of course we may disregard the question referring to the statement imputed to juror Olivieri on information and belief, because no affidavit in support of it accompanied the motion for a new trial and no evidence to prove it was introduced at the hearing on that motion. Therefore, we have to consider only the sufficiency of the evidence and whether any improper evidence was admitted at the trial.

The evidence examined at the trial connects the appellants with the crime of which they have been convicted. Witness Julio Padilla testified that he closed the whole warehouse the afternoon before; that at two o'clock in the morning he saw that the door was open and found near it two bags of coffee that were not in the place they were stored, facts which were corroborated by other witnesses. Antero Ortiz, a watchman of another nearby business house, testified that at two o'clock in the morning he saw the defendants pass several times by that place; that they crossed the street on all-fours with their hats in their hands; that two of them entered the warehouse of Costa Semidey through a door in the alley, Ramón Vega remaining near the wall of the warehouse, for which reason the witness sent for a policeman, and that when the policeman arrived they were taking out two bags of coffee, but dropped them and ran away when they saw the witness and the policeman.

As regards the other error assigned, the appellants do not point out the part of the evidence which was improperly admitted, but only refer to various pages of the transcript of the evidence and say that witness Padilla was permitted to testify to what he had done and seen after the crime had been committed. That witness testified that at about two o'clock in the morning he was informed that the warehouse was open, whereupon he went there at once and found it as he had said before; that at the place where the two bags were found near the door he noticed clear tracks of tennis shoes; that on that same morning he went to the house of Ramón Vega who was lying in bed dressed and with tennis shoes on; that Ramón Vega went with the witness and with other persons to the warehouse, and that his shoes coincided with the footmarks found there.

Evidence of the comparison of footprints found near the scene of the crime with the footwear of the accused is relevant and competent to identify the accused. 16 C. J. 548.

For the foregoing reasons the judgment is affirmed as regards Ramón Vega and Domingo Santini who prosecuted the appeal taken by them.